UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL ABDULLAH,

                              Plaintiff,

-against-

SERGEANT COURTNEY/30 PCT, et al.,

                              Defendants.

24-CV-0297 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. He sues two officers from the 30th Precinct of the New York City Police Department ("NYPD"): Sergeant Courtney and Captain Jessica Rivera. By order dated February 16, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff states that the events giving rise to his claims occurred on the morning of January 5, 2024, at the NYPD's 30th Precinct in Manhattan. He alleges that, when he went to retrieve his automobile that had been "illegally impounded" by an unidentified officer at an unspecified time,[1] Sergeant Courtney denied him "allodial title after seeing documents of proof

---

[1] Plaintiff has previously filed an action against the NYPD's 30th Precinct and two police officers in which he alleged that on November 30, 2023, he was falsely arrested and his automobile confiscated. *See Abdullah v. NYPD 30th Precinct*, ECF 1:24-CV-0137, 1 (LTS) (S.D.N.Y. filed Jan. 7, 2024). In that pending action, on January 29, 2024, the Court directed Plaintiff to amend his claims. ECF 1:24-CV-0137, 4. It is unclear whether the impoundment of Plaintiff's vehicle that is mentioned in this case is related to the claims in the action under docket number 24-CV-0137.

ownership." (ECF 1, at 4.)[2] Plaintiff claims that Defendants committed "malfeasance of duty" and denied him due process of law. He also asserts that the "chain of events cause[d] [him] mental pain, mental anguish, emotional distress[,] fear, anxiety, humiliation[,] [and] loss of enjoyment." (*Id*. at 5.) He seeks money damages.

## DISCUSSION

### A. Section 1983 Claims

Because Plaintiff alleges that his constitutional right was violated by state officials and seeks money damages, his claims arise 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

#### 1. Claims against Sergeant Courtney

The Court construes Plaintiff's allegations that Sergeant Courtney prevented him from retrieving his automobile as attempting to assert a claim that he was deprived of his property in violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

A government official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful postdeprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Thus, a claim under Section 1983 asserting that a government official has deprived a person of a property interest is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson*, 468 U.S. at 533. Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Because the government cannot predict precisely when a government official's random and unauthorized deprivation of a person's property interest will occur, it would be impossible to provide meaningful due process before the deprivation of the property interest. *See, e.g.*, *Hudson*, 468 U.S. at 532-33. Accordingly, New York State law provides postdeprivation remedies to cure such deprivations. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city jail officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful postdeprivation remedy for loss of book through state action for negligence, replevin, or conversion); *Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover

seized property discussed); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91 (1977) (property wrongfully seized by officials during a search recoverable by a state replevin action or a state proceeding brought under Article 78 of the New York Civil Practice Law and Rules).

Here, Plaintiff alleges no facts showing that he has pursued any of these state remedies, nor any facts showing that these remedies are inadequate. Plaintiff therefore fails to state a claim under Section 1983 that Defendant Courtney or any other person deprived him of his property without due process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Vialez,* 783 F. Supp. at 113.

### 2.     Claims against Captain Rivera

To state a claim under Section 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendant Rivera, whom he identifies as the commanding officer of the NYPD's 30th Precinct, was personally involved in the events underlying his claims. However, even if Plaintiff had asserted facts suggesting that Defendant Rivera was personally involved in the impoundment of his car, as discussed above, his claims would still be insufficient because he does not allege facts showing that he was deprived of his

property without due process of law. Plaintiff's claims against Defendant Rivera are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Leave to Replead Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff, who could have contested the alleged unlawful actions through the state courts but failed to do so, has no claim for violation of his procedural due process rights Section 1983. *See Vialez,* 783 F. Supp. at 113. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge